Filed 9/19/24  P. v. Cottingham CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D082471 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD123615) |
| DELVIN EDWARD COTTINGHAM, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, David M. Gill, Judge.  Reversed and remanded with directions.

Stephen M. Vasil, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Delvin Edward Cottingham appeals an order denying his resentencing petition under former Penal Code section 1170.95 (now section 1172.6)

following an evidentiary hearing. Cottingham claims the trial court erred by issuing its order before reviewing the original trial transcripts, which were submitted as evidence. The People concede error and agree the case should be remanded for a new evidentiary hearing.

We find this matter appropriately resolved by memorandum opinion. (See generally *People v. Garcia* (2002) 97 Cal.App.4th 847.) Because we agree the trial court erred, we accept the People's concession, reverse the order, and remand this matter for a new evidentiary hearing following review of the trial transcripts. Given this disposition, we do not address Cottingham's alternative arguments.

I.

In 1997, a jury convicted Cottingham of first degree murder, robbery, and battery causing serious bodily injury. The only theory of murder liability presented to the jury was felony murder. Cottingham was sentenced to both an indeterminate prison term of 29 years to life and a determinate term of nine years and eight months.

In 2019, Cottingham filed his section 1172.6 petition. The trial court issued an order to show cause after finding Cottingham made a prima facie showing of entitlement to relief.

At a June 2023 evidentiary hearing, the trial court denied Cottingham's petition because he "was a major participant, and he acted with reckless indifference."

At the start of the hearing, the court watched surveillance footage showing sequential images of the robbery, but at no point during the hearing did it say it reviewed or considered any other evidence. Cottingham's original trial transcripts were before the trial court as an exhibit, and his counsel requested the court review a witness' testimony. The court confirmed it was

"willing to" review the testimony and would "do it."  Moments later, however, the court denied Cottingham's petition and ended the hearing without further review.

## II.

Cottingham claims that, by failing to review the original trial transcripts, the trial court acted in excess of its jurisdiction because it was "*required* to consider the evidence introduced by the prosecution in support of its burden of proof."  The People concede the court erred, but only because the court "implicitly recognized the testimony was potentially relevant to its decision."  On this record, we accept the People's concession and conclude the trial court abused its discretion by ruling on Cottingham's petition before reviewing and considering the trial transcripts.

At the evidentiary hearing stage of a section 1172.6 petition, the People bear the burden of proving beyond a reasonable doubt that the petitioner is guilty of murder under the amended felony murder law.  (§ 1172.6, subd. (d)(3).)  The parties may submit new evidence subject to the Evidence Code, and the trial court may consider admissible evidence from prior proceedings.  (*Ibid*.)  The court "acts as an independent fact finder and determines whether the People have met their burden."  (*People v. Saibu* (2022) 81 Cal.App.5th 709, 737.)  Before a factfinder can determine whether the People have offered proof beyond a reasonable doubt, it must compare and consider all the admitted evidence.  (See *People v. Clements* (2022) 75 Cal.App.5th 276, 294–295.)

We conclude the trial court erred because it did not fully perform its factfinding duties at Cottingham's evidentiary hearing.  After hearing argument and reviewing the surveillance footage of the robbery, the court denied Cottingham's petition and ended the hearing, despite admitting the

trial transcripts into evidence and agreeing to Cottingham's counsel's request that it review them.

While the word "review" could signal the court intended to read the transcripts a second or third time, we agree with both Cottingham and the People that the court's questions and statements during the hearing show it never performed an initial review of the transcripts before the hearing. Moreover, having reviewed the choppy and grainy surveillance footage, we cannot conclude it was an adequate substitute for the testimony in the trial transcripts the parties agree the trial court should have considered. Accordingly, we conclude the court erred in agreeing to review the transcripts and failing to do so prior to ruling on Cottingham's petition.

### III.

We reverse and remand with directions for the trial court to hold a new evidentiary hearing after having reviewed the original trial transcripts.

CASTILLO, J.

WE CONCUR:

McCONNELL, P. J.

HUFFMAN, J.